**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| THE WESTERN AND SOUTHERN<br>LIFE INSURANCE CO., et al., | Case No. 1:23-cv-742 |
| Plaintiffs, | |
| v. | Hopkins, J.<br>Bowman, M.J. |
| RONALD J. SAGASSER, | |
| Defendant. | |

**MEMORANDUM ORDER AND OPINION**

United States District Judge Jeffery P. Hopkins has referred all discovery-related motions and issues to the undersigned magistrate judge.[1] Now fully advised, the Court will GRANT two motions to compel.

**I.     Background of Dispute**

Plaintiffs include Western and Southern Life Insurance Company, Western & Southern Agency Group Long Term Incentive and Retention Plan, and The Western and Southern Life Insurance Company Executive Committee (collectively "W&S"). In June 2022, The Western and Southern Life Insurance Company received a client complaint concerning one of its employees, Ronald J. Sagasser. (Doc. 16, Amended Complaint, ¶ 19). After investigation, W&S terminated Sagasser for violations of its Company policies.

---

[1] By its terms, the Order of Reference terminates "on the discovery deadline set forth in the Preliminary Pretrial Conference Order or once all pending discovery disputes are resolved." (Doc. 45). Because the Order of Reference is limited to discovery matters but no Calendar Order has been entered in this case, the undersigned has filed a separate Report and Recommendation in order to recommend that the Court adopt all dates agreed upon by the parties as set forth in their November 12, 2024 Rule 25(f) Report.

(Doc. 16, Amended Complaint, ¶¶ 24-27, 37). Plaintiffs initiated this lawsuit to recoup $297,174.07 in forfeited benefits and taxes paid to or on behalf of Defendant Sagasser under both ERISA and federal common law. (*See* Doc. 16 at ¶¶ 28-29).

On April 16, 2024, Intervenor Plaintiffs Agust S. Thorbjornsson and Dr. Misty Mitchell, as Executor of the State of Lou Ella Thorbjornsson, filed an Intervenor Complaint against both Defendant Sagasser and W&S. Intervening Plaintiffs allege that while serving as their Western and Southern Financial Representative, Sagasser misappropriated $185,000 of their funds. (Doc. 19, PageID 391-392). They seek recovery from Sagasser for conversion, embezzlement, misappropriation and theft, for breach of a promissory note executed by Sagasser, for civil damages under Ohio R.C. § 2307.60, for fraud and misrepresentation, and for intentional infliction of emotional distress. (Doc. 19, Claims 1-5). Intervening Plaintiffs also seek to recover directly from W&S for breach of express contract, for breach of implied duty of good faith and fair dealing, for breach of implied contract, for unjust enrichment, for negligent hiring, retention, and supervision, and for vicarious liability. (Doc. 19, Claims 6-11).[2]

Both Plaintiffs and Intervening Plaintiffs repeatedly have sought discovery from Defendant Sagasser without success. Pursuant to local practice, the parties initially contacted the presiding district judge for an informal hearing. On February 26, 2025, Judge Hopkins presided over an informal hearing at which both Plaintiffs' counsel and the Intervening Plaintiffs' counsel appeared. But Defendant's counsel did not appear, so the dispute remained unresolved and Judge Hopkins permitted the parties to file formal

---

[2]On July 2, 2024, W&S moved to dismiss all claims asserted in the Intervenor Complaint asserted against W&S for failure to state a claim on multiple grounds, including but not limited to the statute of limitations. (Doc. 24). That motion remains pending before Judge Hopkins.

2

motions to compel. Both Plaintiffs and Intervening Plaintiffs promptly filed written motions. (Docs. 42, 44). After Defendant Sagasser failed to respond to those motions, Judge Hopkins filed an Order of Reference. As directed by the undersigned, the parties submitted updated summaries of their dispute to chambers, which the undersigned reviewed in addition to the two motions to compel filed of record.

On May 6, the undersigned held a telephonic discovery conference at which counsel for all parties, including Defendant Sagasser, appeared.

II. Analysis

W&S served Interrogatories and Requests for Production on Defendant on December 2, 2024. Intervening Plaintiffs served their written requests on Defendant on November 27, 2024. Despite repeated promises by defense counsel to provide responses, none have been provided. During the telephone conference, defense counsel was unable to provide any reasonable explanation for his client's ongoing failure to participate in the discovery process, nor did he explain his absence from the February 26 conference previously held by Judge Hopkins. Among other hardships including the necessity of scheduling two separate informal discovery hearings before this Court, and the fling of two formal motions to compel, Defendant's failure to participate in discovery resulted in the cancellation of Defendant's previously scheduled deposition. Therefore, Plaintiffs' and Intervening Plaintiffs' motions to compel Defendant Sagasser to respond to their outstanding discovery requests will be granted.

Both parties seek monetary sanctions against Defendant. Such sanctions are appropriate. Pursuant to Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or

3

attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." No exceptions apply here. Defendant's failure to provide the requested discovery in a timely manner was wholly unjustified.

The motion filed by W&S further seeks to compel Defendant to produce complete responses to the outstanding Requests "without objections except for privilege." (Doc. 44, PageID 739). Intervening Plaintiffs' motion also seeks the entry of a "Show Cause" order directing defense counsel to explain his failure to participate in the February 26, 2025 telephonic conference. For now, both requests will be denied, but Defendant is forewarned that this Court will not hesitate to impose further sanctions should he fail to timely comply with this Order.

### III.  Conclusion and Order

Accordingly, **IT IS ORDERED THAT**:

1. The motion of W&S to compel Defendant Sagasser to provide responses to all outstanding written discovery requests, previously served on or about December 2, 2024, (Doc. 44) is **GRANTED**;

2. The motion of Intervening Plaintiffs to compel Defendant Sagasser to provide responses to all outstanding written discovery requests, previously served on or about November 27, 2024 (Doc. 42) is **GRANTED**;

3. On or before **May 20, 2025**, Defendant must serve full and complete responses to all outstanding discovery requests referenced in paragraphs 1 and 2 of this Order;

4. On or before **May 20, 2025**, Defendant Sagasser shall schedule a mutually agreeable date for his deposition;

5. Plaintiffs and Intervening Plaintiffs are entitled to recover their attorney fees and costs for the following: (1) time spent preparing for and appearing at the February 26, 2025 telephonic conference; (2) time spent preparing and filing the motions to compel; and (3) time spent preparing for and appearing at the May 6 telephonic conference.

   a. Plaintiffs and Intervening Plaintiffs shall file a record of their costs and fees, not to exceed $10,000 each, within twenty-one (21) days of the date of this Order;

   b. Within ten (10) days following service of the submission on the record of Plaintiffs' and Intervening Plaintiffs' costs and fees, Defendant Sagasser may file any particularized objections thereto;

   c. Within five (5) days following service of any objections, Plaintiffs and Intervening Plaintiffs may file any reply in support of their record of costs and fees.

6. Defendant Sagasser is warned that any failure to timely comply with any provision in this Order is likely to result in the imposition of additional sanctions under Rule 37, Fed. R. Civ. P, including but not limited to default judgment.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge
